UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

GARFIELD D. BENTLEY,

                                        Petitioner,

                        -against-

SUPERINTENDENT, Green Haven Correctional

Facility,

                                        Respondent.

-------------------------------------------------------------x

**ORDER**

22 Civ. 03818 (PMH)(JCM)

 

Presently before the Court is petitioner Garfield D. Bentley's ("Petitioner") request for

*pro bono* counsel, made in letter applications dated June 15 as well as July 11 and 19, 2022.

(Docket Nos. 8; 13; 15).  The Honorable Philip M. Halpern[1] ordered Respondent Superintendent,

Green Haven Correctional Facility ("Respondent") to respond to Plaintiff's June 15 request by

July 8, 2022, to no avail. (Docket No. 11).  The Court therefore deems this request unopposed.

For the reasons set forth below, the Court denies Petitioner's request.

Whereas a habeas petitioner has no constitutional right to counsel, the Court has

discretion to appoint counsel to any person "seeking relief" under 28 U.S.C. § 2254 "[w]henever

. . . the interests of justice so require and such person is financially unable to obtain

representation." *Padilla v. Artuz*, No. 07 Civ. 5957 (DAB) (DF), 2008 WL 126599, at *1

(S.D.N.Y. Jan. 4, 2008) (quoting 18 U.S.C. § 3006A); *see also Newton v. McAuliffe*, No. 09 Civ.

9818 (JGK), 2010 WL 2267395, at *1 (S.D.N.Y. May 27, 2010).[2]  In exercising its discretion,

---

[1] On July 20, 2022, Judge Halpern referred this action to the undersigned. (Docket No. 14).

[2] If Petitioner does not have access to cases cited herein that are available only by electronic database, then he may request copies from Respondent's counsel. *See* Local Civ. R. 7.2 ("Upon request, counsel shall provide the pro se litigant with copies of such unpublished cases and other authorities as are cited in a decision of the Court and were not previously cited by any party.").

the Court must make two initial inquiries:  (i) whether Petitioner can afford counsel; and, if not, (ii) whether the merits of the case and Petitioner's position "seem[] likely to be of substance." *Massey v. Greinal*, 164 F. Supp. 2d 377, 378 (S.D.N.Y. 2001) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61–62 (2d Cir. 1986)) (internal quotations omitted).  Only after these initial findings may the Court "consider secondary factors such as the factual and legal complexity of the case, the ability of the litigant to navigate the legal minefield unassisted, and any other reason why in the particular case appointment of counsel would more probably lead to a just resolution of the dispute." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (citing *Hodge*, 802 F.2d at 61–62).

As an initial matter, the Court granted Petitioner's application to proceed *in forma pauperis* on May 26, 2022. (Docket No. 4).  Thus, Petitioner has already demonstrated that he is indigent and cannot afford counsel. *See Martinson v. U.S. Parole Com'n*., No. 02 Civ. 4913 (DLC)(DF), 2004 WL 203005, at *3 (S.D.N.Y. Feb. 2, 2004).  As for the likely substance of Petitioner's claims, the Court finds that on the face of the pleadings, at least one of the claims asserted by Petitioner may have merit.

Nevertheless, the Court is not persuaded that appointment of counsel is warranted at this juncture.  Thus far, Petitioner has thoroughly litigated this case without the assistance of counsel, filing the instant petition for writ of *habeas corpus* ("Petition"), which includes citations to applicable caselaw, statutory provisions, relevant facts, and a procedural history. (Docket No. 1). Petitioner's evident ability to gather relevant facts and advocate on his own behalf "weighs against a finding . . . that appointment of counsel is necessary for justice to be served." *See Martinson*, 2004 WL 203005, at *3; *see also*

*Person v. Ercole*, No. 08 Civ. 7532 (LAP)(DF), 2009 WL 855758, at *2 (S.D.N.Y. Mar. 26, 2009) (denying request for counsel where "Petition [wa]s clearly written and coherent, showing that [Petitioner] [wa]s able to present his claims"). Furthermore, the Petition appears to rely on at least some of appellate counsel's arguments before the Appellate Division, Second Department ("Appellate Division"). (Docket No. 1 at 4, 6). Because Petitioner has "had the benefit of an appellate attorney's brief before the Appellate Division . . . he has been able to write [this portion of] his petition articulately." *Bravo v. Miller*, No. 03 Civ. 4831 (BSJ)(DFE), 2003 WL 22004882, at *1 (S.D.N.Y. Aug. 25, 2003). Moreover, Petitioner has not "made any showing of special circumstances that warrant the appointment of counsel in his case." *See Ross v. Brown*, No. 09 Civ. 5737 (PKC)(DF), 2010 WL 3154561, at *3 (S.D.N.Y. Apr. 3, 2010) ("Petitioner has not, for instance, claimed to have any language difficulties or mental health problems[.]"). Nor does the Petition raise any claims that are so complex or unique that an attorney's involvement would be particularly helpful. *See id.*

Petitioner contends that he needs counsel to help him respond to this Court's Order to Answer, dated June 1, 2022 ("Order"), but that Order is directed at Respondent, not Petitioner. (Docket Nos. 6; 15). Thus, this argument does not warrant appointment of counsel either.

Furthermore, it does not appear that this is a case that requires an evidentiary hearing or any investigation beyond the record already before the Court. *See Velazquez v. Edwards*, No. 00 Civ. 8784 (LAK)(RLE), 2004 WL 3030057, at *2 (S.D.N.Y. Dec. 30, 2004) ("If no evidentiary hearing is necessary, the appointment of counsel is not warranted."). This case requires only the determination of legal issues, which are set forth the Petition, and to which Respondent was directed to respond by August 1, 2022. (*See* Docket No. 6). Thus, despite Petitioner's claims, "no factual investigation, cross-examination, or elaborate presentation of proof is necessary." *Id.*;

-3-

*see also Newton v. Coombe*, No. 97CIV.2951(BSJ)(RLE), 1998 WL 418923, at *2 (S.D.N.Y. July 23, 1998).  Consequently, the interests of justice do not require appointment of counsel. *See Carmona*, 243 F.3d at 632.

The Court also notes that many of Plaintiff's applications for counsel, as well as another letter motion, appear to request a stay and abeyance of this action pending resolution of a New York C.P.L § 440.10 motion Plaintiff has filed in state court. (Docket Nos. 8; 9; 13).  If Petitioner wishes to move this Court to hold his Petition in abeyance so that he may exhaust certain claims in state court, he must do so in a separate application by September 30, 2022.

Accordingly, Petitioner's application for *pro bono* counsel is denied with leave to renew should circumstances change.  The Court will *sua sponte* appoint counsel if its further review of this matter demonstrates that appointment is justified. *See Person*, 2009 WL 855758, at *3.  The Clerk of the Court is respectfully requested to terminate the pending application (Docket Nos. 8; 13; 15) and mail a copy of this Order to the *pro se* Petitioner.

Dated:   August 2, 2022
         White Plains, New York

                                        **SO ORDERED:**


                                        _____
                                        JUDITH C. McCARTHY
                                        United States Magistrate Judge