UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

GARFIELD D. BENTLEY,

                      Petitioner,

        -against-

SUPERINTENDENT, Green Haven Correctional
Facility,

                  Respondent.

-------------------------------------------------------------x

**ORDER**

22 Civ. 03818 (PMH)(JCM)

      Petitioner Garfield D. Bentley ("Petitioner"), proceeding *pro se*, filed a petition for a writ

of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state court conviction following a

jury trial in the New York State County Court, Orange County ("Orange County Court").

(Docket No. 1).  Respondent has timely filed an answer to the petition. (Docket Nos. 30–32).

Presently before the Court is Petitioner's application seeking a stay and abeyance of the federal

proceeding pending exhaustion of his N.Y. Criminal Procedure Law § 440.10 ("440.10") motion

in state court. (Docket Nos. 26, 35).  Respondent opposes this motion. (Docket Nos. 28, 33, 37).

For the reasons that follow, the Court denies Petitioner's application as moot.

      "In keeping with the purposes of the [Antiterrorism and Effective Death Penalty Act of

1996], 'stay and abeyance [is only available] in limited circumstances.'" *Harden v. LaClaire*,

No. 07 Civ. 4592 (LTS)(JCF), 2007 WL 2172606, at *1 (S.D.N.Y. July 30, 2007) (quoting

*Rhines v. Weber*, 544 U.S. 269, 277 (2005)).[1]  Furthermore, it is well settled "that federal courts

may not 'give opinions upon moot questions or abstract propositions[.]'" *Calderon v. Moore*,

---

[1] If Petitioner does not have access to cases cited herein that are available only by electronic database, then he may request copies from Respondent's counsel. *See* Local Civ. R. 7.2 ("Upon request, counsel shall provide the pro se litigant with copies of such unpublished cases and other authorities as are cited in a decision of the Court and were not previously cited by any party.").

518 U.S. 149, 150 (1996) (per curiam) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)). "The hallmark of a moot case or controversy is that the relief sought . . . is no longer needed." *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983).

Since Petitioner's motion for a stay is predicated upon the exhaustion of his 440.10 motion in state court, the Court may deny the motion for a stay as moot if such motion is exhausted. *See, e.g.*, *Coke v. Superintendent, Green Haven Corr. Facility*, No. 06–CV–811F, 2009 WL 3162486, at *1 (W.D.N.Y. Sept. 29, 2009) (denying habeas petitioner's motion for a stay as moot because his state 440.10 motion, which the request for the stay was based on, was exhausted); *Smith v. Noeth*, 1:18-CV-0883 (JLS)(MJR), 2021 WL 8153540, at *1–*2 (W.D.N.Y. Dec. 29, 2021), *report and recommendation adopted by* 2022 WL 1190221 (W.D.N.Y. Apr. 21, 2022) (same).

On October 28, 2022, Petitioner's 440.10 motion was denied by the Orange County Court. (Docket No. 33-1). Further, the deadline for Petitioner to appeal the Orange County Court's decision to the relevant appellate court has passed, and the record is devoid of any indication that Petitioner filed such an appeal. *See* Docket Nos. 33-1 at 5; 36; 37 at 1–2; N.Y. C.P.L. §§ 450.15(1), 460.10(4)(a), 460.15(2). Consequently, Petitioner's application for a stay and abeyance of his habeas corpus petition "pending his exhaustion of the claims raised in his 440.10 [m]otion in state court, has been rendered moot by the exhaustion of those claims . . . ." *Coke*, 2009 WL 3162486, at *1. Accordingly, Petitioner's motion for a stay and abeyance is denied.

The Clerk of the Court is directed to mail a copy of this Order to the *pro se* Petitioner.

Dated:   February 2, 2023
         White Plains, New York

                              **SO ORDERED:**


                              JUDITH C. McCARTHY
                              United States Magistrate Judge