UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GARFIELD D. BENTLEY,

                Petitioner,

- against -

SUPERINTENDENT, Green Haven Correctional Facility,

                Respondent.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

22-CV-03818 (PMH)

PHILIP M. HALPERN, United States District Judge:

       In June 2017, Garfield Bentley ("Petitioner") was convicted—following a jury trial in the New York State Supreme Court, Orange County ("Orange County Court")—of: (1) one count of Burglary in the Second Degree; (2) one count of Burglary in the Third Degree; (3) three counts of Criminal Contempt in the First Degree; (4) five counts of Criminal Contempt in the Second Degree; (5) one count of Criminal Obstruction of Breathing or Blood Circulation; (6) one count of Falsely Reporting an Incident in the Third Degree; and (7) one count of Stalking in the Third Degree. Petitioner was sentenced to a determinate term of nine years imprisonment and five years of supervised release.

       During trial, the Orange County Court precluded Petitioner from calling his mother as a witness where he sought to use her testimony solely to impeach credibility. (Doc. 43, "Report" at 22). Petitioner filed a direct appeal on May 2, 2019 arguing, *inter alia*, that the Orange County Court violated his constitutional right to present a defense by denying his request to call his mother as a witness at trial. (Report at 4). The Supreme Court of the State of New York, Appellate Division, Second Judicial Department affirmed Petitioner's conviction and sentence as to that claim, and the New York Court of Appeals denied leave to appeal. (*Id.*). Petitioner later

filed a C.P.L. § 440.10 motion regarding the denial of his request to call his mother as a witness at trial, and that motion was denied. (*Id*. at 5).

On April 28, 2022, Petitioner initiated the instant action by filing a Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254, asserting a violation of his right to a fair trial under the Sixth Amendment and his right to due process under the Fourteenth Amendment premised on (i) the State's failure to produce prior to trial as *Brady* material the clothing the victim wore on the night of the crime[1]; and (ii) the Orange County Court's refusal to allow him to call his mother as a witness at trial. (Doc. 1, "Petition"). Respondent opposed the Petition on November 4, 2022 (Doc. 31), accompanied by a supporting memorandum of law (Doc. 32). No reply was filed.

The Court issued an Order of Reference on July 20, 2022 referring the Petition to Magistrate Judge Judith C. McCarthy (Doc. 14). Magistrate Judge McCarthy issued a Report and Recommendation ("Report") on November 7, 2023 recommending that the Petition be denied. The Report advised that "the parties shall have fourteen (14) days from the receipt of this [Report] to serve and file written objections. If copies of this [Report] are served upon the parties by mail, the parties shall have seventeen (17) days from receipt of the same to file and serve written objections." (*Id*. at 26). The Report further warned that "[f]ailure to file timely objections to this [Report] will preclude later appellate review of any order of judgment that will be rendered." (*Id*.). On December 28, 2023, the Court *sua sponte* extended Petitioner's time to serve and file written objections to the Report by fourteen (14) days from receipt of the Order and

---

[1] Petitioner did not raise his *Brady* violation claim during trial, in his direct appeal to the Second Department, or to the Court of Appeals. (Report at 16).

reiterated the warning that failure to file timely objections would preclude later appellate review. (Doc. 45). Petitioner has not filed any objections to the Report as of the date of this Order.[2]

"A district court reviewing a magistrate judge's report and recommendation 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.'" *Antoine v. Warden*, No. 20-CV-05130, 2021 WL 4066654, at *1 (S.D.N.Y. Sept. 7, 2021) (quoting 28 U.S.C. § 636(b)(1)).[3] "The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record." *Olivo v. Graham*, No. 15-CV-09938, 2021 WL 3271833, at *1 (S.D.N.Y. July 30, 2021) (citing *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)).

Upon a careful and complete review of the Report, the Court finds that Magistrate Judge McCarthy committed no clear error in concluding: (i) that the Petition, filed on April 28, 2022, was not time-barred (Report at 13); (ii) Petitioner's *Brady* violation claim is procedurally barred and, therefore, deemed exhausted (*id*. at 18-19); (iii) Petitioner's claim regarding the denial of his request to call his mother as a witness is exhausted and not procedurally barred (*id*. at 20-21); (iv) the Orange County Court's preclusion of Petitioner's mother's testimony was correct and, because it was based on a state evidentiary ruling, not eligible for habeas review (*id*. at 24); and (v) even assuming, *arguendo*, that the Orange County Court's evidentiary decision was wrong,

---

[2] A copy of the Report was mailed to Petitioner by the Clerk's Office on November 8, 2023, to the mailing address provided by Petitioner: Garfield D. Bentley DIN:17A4340 P.O. Box 116 Fallsburg, NY 12733-0116. (*See* November 8, 2023 docket entry). On December 21, 2023, Petitioner advised the Court of a change in address, and a copy of the docket sheet was mailed to Petitioner at his new address. (*See* Doc. 44; December 21, 2023 docket entry). Additionally, the Court's December 28, 2023 Order (Doc. 45) was mailed to Petitioner at his new address. (*See* January 3, 2024 docket entry).

[3] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

the failure to allow Petitioner's mother to testify does not warrant habeas relief (*id*. at 25). The Court finds no clear error in Magistrate Judge McCarthy's thorough and well-reasoned analysis, and adopts the Report in its entirety for the reasons set forth therein. Accordingly, the Petition is DISMISSED. The Court further holds that because reasonable jurists would not find it debatable that Petitioner has failed to demonstrate by a substantial showing that he was denied a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Clerk of the Court is respectfully directed to mail a copy of this Order to Petitioner and close this case.

**SO ORDERED:**

Dated: White Plains, New York
January 29, 2024

_____
PHILIP M. HALPERN
United States District Judge